IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LESLIE A. CANNON, SR.,

      Plaintiff,

      v.

LEXUR APPRAISAL SERVICES, et al.,

      Defendants.

Case No. 2:12-cv-384
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of a motion to dismiss filed by Defendants, Lexur Appraisal Services and Lexur Enterprises, Inc. (ECF No. 9); a memorandum in opposition filed by Plaintiff, Leslie A. Cannon, Sr. (ECF No. 11); and a reply memorandum filed by Defendants (ECF No. 12). Also before this Court is a motion to strike filed by Defendants. (ECF No. 15.) For the reasons that follow, this Court finds the motions not well taken.

### I. Background

According to the Complaint, Defendant Lexur Enterprises, Inc. is the parent company of Defendant Lexur Appraisal Services. The latter company previously employed Plaintiff, Leslie A. Cannon, Sr., as a commercial appraiser. From January 2008 through November 2010, Lexur Appraisal Services allegedly paid the non-Caucasian Plaintiff less than Caucasian appraisers the company employed, despite Plaintiff having equal or greater years of experience. Plaintiff claims that the pay disparity is the result of race discrimination.

Proceeding *pro se*, Plaintiff filed his Complaint on May 7, 2012. (ECF No. 4.) Defendants have filed a motion to dismiss (ECF No. 9) and a motion to strike various papers

Plaintiff has filed (ECF No. 15). The parties have completed briefing on the motion to dismiss, and Plaintiff did not file a response to the motion to strike by the briefing deadline. Both motions are ripe for disposition.

## II. Discussion

### A. Standard involved

Defendants move for dismissal on the grounds that Plaintiff has failed to set forth a claim upon which this Court can grant relief. This Federal Rule of Civil Procedure 12(b)(6) argument requires the Court to construe the Complaint in favor of Plaintiff, accept the factual allegations contained in that pleading as true, and determine whether the factual allegations present any plausible claim. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 570 (2007). The Supreme Court has explained, however, that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Consequently, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

To be considered plausible, a claim must be more than merely conceivable. *Twombly*, 550 U.S. at 556; *Ass'n of Cleveland Fire Fighters v. City of Cleveland, Ohio*, 502 F.3d 545, 548 (6th Cir. 2007). What this means is that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. The factual allegations of a pleading "must be enough to raise a right to relief above the speculative level . . . ." *Twombly*, 550 U.S. at

2

555. *See also Sensations, Inc. v. City of Grand Rapids*, 526 F.3d 291, 295 (6th Cir. 2008).

### B. Analysis

As a threshold matter, the Court notes that Defendants' motion to strike is moot. (ECF No. 15.) The motion targets the over 950 pages of material that Plaintiff filed with the Court on July 13, 2012. (ECF No. 13.) Defendants correctly assert that pursuant to the Local Civil Rules, Plaintiff was required to file these documents with his memorandum in opposition if he sought to rely upon them in regard to the motion to dismiss. Defendants also assert that because all of the documents are unauthenticated, they are inadmissible and cannot overcome a motion to dismiss. Defendants therefore seek to strike the July 13, 2012 documents.

This Court does not care about the documents, just as it does not care about the additional documents that Plaintiff improperly submitted with his memorandum in opposition to Defendants' motion to dismiss. In addressing the motion to dismiss, the Court declines to consider any material that is extrinsic to the pleading. Thus, to the extent that Plaintiff sought to convert the motion to dismiss into a motion for summary judgment, such an attempt has proven unsuccessful. The consequent result of such a lack of success is that the Court need not strike the documents because this Court is simply going to ignore them. The Court therefore **DENIES** the motion to strike as moot. (ECF No. 15.)

Turning to the substance of the motion to dismiss, the Court finds Defendants arguing that Plaintiff has failed to assert a claim upon which this Court can grant relief. Defendants argue that the pleading fails to satisfy *Twombly* and *Iqbal* because the pleading is "merely a series of unsupported allegations and conclusions." (ECF No. 9, at 5.) Defendants posit that "[t]he contention that other employees of lesser experience were paid more does not state a

3

plausible claim" because "[t]here are numerous legitimate, non-discriminatory business reasons that govern employee compensation in any business, and experience level is merely one." (*Id.*)

This Court agrees with Defendants that Plaintiff's *pro se* Complaint is hardly a model pleading. But the Court disagrees that it fails to satisfy Rule 12(b)(6). Necessarily accepted as true in this Rule 12(b)(6) context, the Spartan but clear factual contentions of the Complaint provide that Plaintiff worked for Lexur Appraisal Services and that, from January 2008 through November 2012, the company paid Plaintiff less than other similar commercial appraisers despite Plaintiff having equal or greater years of experience. The Complaint identifies these other appraisers as Caucasian, and by asserting race discrimination as the cause of the purported pay disparity, Plaintiff implicitly identifies himself as not Caucasian.

These factual contentions are just enough to survive a Rule 12(b)(6) challenge. Federal Rule of Civil Procedure 8 only requires Plaintiff to provide fair notice of his claim, and Rule 12(b)(6) can only dispose of those claims that based on the facts alleged do not appear plausible. Defendants may indeed be correct in asserting that non-discriminatory business reasons exist to explain any pay disparity. It is thus plausible that paying a non-Caucasian employee less than similarly situated Caucasian employees would not be due to race. Defendants might indeed be able to readily obtain summary judgment based on such non-discriminatory reasons. But it is also wholly plausible that paying a non-Caucasian employee less than similarly situated Caucasian employees *can* be due to race.

Rule 12(b)(6) does not impose a probability requirement in which a court must ascertain the probability or likelihood of success based on the facts a court is mandated to accept as true. *Twombly*, 550 U.S. at 556. Rather, Rule 12(b)(6) requires a court to ask whether the factual

4

contentions, accepted as true, allow the court to draw the reasonable inference that Defendants are liable for the misconduct alleged. These facts do, albeit perhaps *just* sufficiently. The Court understands Defendants' argument that Plaintiff has failed to assert any fact that suggests why he thinks race is the reason for the pay disparity instead of any other possible reason. His linking of race as the causative factor for pay disparity borders simply being a legal conclusion. But this Court is also mindful that it is required to "liberally construe pro se complaints and hold such complaints to a less stringent standard than pleadings prepared by attorneys." *Frengler v. Gen. Motors*, No. 11-3378, 2012 WL 2044419, at *2 (6th Cir. June 7, 2012).

The court of appeals has noted that such "lenient treatment has limits." *Id.* Plaintiff's Complaint is indeed pushing against those limits. But this is not an instance in which a complaint is so deficient that it would, for example, force a defendant to guess at what claim a plaintiff is asserting. *Id.* Although the Court recognizes that Plaintiff has not pled detailed connecting facts linking the conduct asserted to his race, he has pled facts that do not make an inference of race-based disparity unreasonable. Accordingly, although admittedly with some hesitance, the Court declines Defendants' invitation to dismiss the Complaint.

### III. Conclusion

The Court **DENIES** Defendants' motion to dismiss (ECF No. 9) and motion to strike (ECF No. 15).

**IT IS SO ORDERED**.

    /s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE