UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

LESLIE A. CANNON, SR.,

    Plaintiff,

    v.

LEXUR APPRAISAL SERVICES,
et al.,

    Defendants.

Case No. 2:12-cv-00384
JUDGE GREGORY L. FROST
Magistrate Judge Norah McCann King

## OPINION AND ORDER

This matter is before the Court for consideration of a motion for summary judgment filed by Defendants Lexur Appraisal Services and Lexur Enterprises, Inc.. (ECF No. 36.) Plaintiff, Leslie A. Cannon, Sr., has not filed a memorandum in opposition. For the following reasons, the Court **GRANTS** Defendants' motion.

### I. Background

Defendant Lexur Appraisal Services ("Lexur") is a small business that performs residential and commercial real estate appraisals for several county governments in Ohio. Lexur is a subsidiary of Defendant Lexur Enterprises, Inc. ("Enterprises"). Lexur employed Plaintiff, Leslie A. Cannon, Sr., as a real estate appraiser between January 2008 and November 2010.

After Cannon failed to report for three days of work, Lexur terminated his employment by letter on December 10, 2010. Lexur deemed the termination effective November 29, 2010, and Cannon was not paid past November 14, 2010.

In May 2012, Cannon filed the instant action *pro se*. The complaint alleges a violation of

Title VII of the Civil Rights Act of 1964.  Cannon claims that he was paid less by Lexur than his Caucasian co-workers of equal experience in the field because he is an African-American.

Cannon filed two charges with the Ohio Civil Rights Commission and EEOC claiming his suspension and termination from Lexur were based on his race.  Cannon filed these charges shortly after his allegedly discriminatory termination.  The instant case does not allege claims based on Lexur's suspension or termination of Cannon.  A third charge was filed on October 19, 2011, concerning the allegations of discrimination in salary.

## II. Discussion

### A. Standard Involved

Federal Rule of Civil Procedure 56 provides that summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The Court may therefore grant a motion for summary judgment if the nonmoving party who has the burden of proof at trial fails to make a showing sufficient to establish the existence of an element that is essential to that party's case. *See Muncie Power Prods., Inc. v. United Tech. Auto., Inc.*, 328 F.3d 870, 873 (6th Cir. 2003) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986)).

In viewing the evidence, the Court must draw all reasonable inferences in favor of the nonmoving party, which must set forth specific facts showing that there is a genuine issue of material fact for trial.  *Id*. (citing *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)); *Hamad v. Woodcrest Condo. Ass'n*, 328 F.3d 224, 234 (6th Cir. 2003).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a

verdict for the nonmoving party." *Muncie*, 328 F.3d at 873 (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)). Consequently, the central issue is " 'whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law.' " *Hamad*, 328 F.3d at 234-35 (quoting *Anderson*, 477 U.S. at 251-52).

### B. Analysis

In order to bring a claim under Title VII, Cannon must have complied with the filing requirements by filing a charge with the EEOC or the proper state or local authority before the statutory cutoff date. 42 U.S.C. §2000e-5(e)(1), the controlling statue, requires Cannon to have filed a charge within 300 days after the alleged discriminatory employment practice occurred.[1] For the purposes of the statute of limitations for discrimination in payment,

> an unlawful employment practice occurs, with respect to discrimination in compensation in violation of this subchapter, when a discriminatory compensation decision or other practice is adopted, when an individual becomes subject to a discriminatory compensation decision or other practice, or when an individual is affected by application of a discriminatory compensation decision or other practice, including each time wages, benefits, or other compensation is paid, resulting in whole or in part from such a decision or other practice.

42 U.S.C. §2000e-5(e)(3)(A).

Cannon's 300-day filing window therefore began on the last day that he was "affected" by the allegedly discriminatory compensation decision. Lexur argues that the time to file began running on November 14, 2010, because that was the last day Cannon was paid based on the allegedly discriminatory compensation decision. Alternatively, Lexur argues that the claim is

---

[1] Ohio is a deferral state; therefore the charge must be filed within 300 days rather than within 180 days. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 498 (6th Cir. 2001).

3

time barred even if the last date that Cannon was affected was December 10, 2010, when Lexur sent the termination letter.

In this case, the 300-day period began on the last day Cannon was paid for his work at Lexur.  Because Lexur did not pay Cannon for any work after November 14, 2010, the discriminatory effects of any racially based compensation decisions would have ceased on that day.  Cannon would have had to file on or before September 9, 2011.  The charge was not filed until October 19, 2011.  (ECF No. 35-1.)  Because Cannon did not file the charge until 339 days after the last day he was affected by application of the discriminatory compensation decision, Cannon's claim is time barred.

This case would be time barred even if the Court were to consider December 10, 2010, the date of the letter informing Cannon of his termination, to be the applicable date.  The October 19, 2011 filing occurred 312 days after December 10, 2010.  This case would still be barred by the statute of limitations.

Cannon has filed no response and made no arguments against summary judgment.  The Court therefore does not reach Lexur's alternative, anticipatory argument against potential application of the discovery rule.  Cannon has not raised this argument or presented any evidence regarding when or how the evidence of the allegedly discriminatory compensation practice was discovered.  Furthermore, the Sixth Circuit has thus far declined to apply the discovery rule in Title VII cases. *Vaughn v. Louisville Water Co.*, 302 F. App'x 337, 343-44 (6th Cir. 2008).

Regardless of which date applies, the termination date or the last day that Cannon was paid, Cannon did not timely file with the EEOC as required by 42 U.S.C. §2000e-5(e)(1).

4

Cannon's claim is time barred, and Lexur is entitled to judgment as a matter of law.

### III. Conclusion

For the foregoing reasons, the Court **GRANTS** Defendants' motion for summary judgment. The Clerk shall enter judgment accordingly and terminate this action on the docket records of the United States District Court for the Southern District of Ohio, Eastern Division.

**IT IS SO ORDERED**.

/s/ Gregory L. Frost
GREGORY L. FROST
UNITED STATES DISTRICT JUDGE